a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DAMON CAUSEY, Petitioner | CIVIL DOCKET NO. 1:20-CV-301-P |
| VERSUS | JUDGE DRELL |
| WARDEN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by *pro se* Petitioner Damon Causey ("Causey") (#24328-034). Causey is an inmate in the custody of the Federal Bureau of Prisons ("BOP") incarcerated at the United States Penitentiary in Pollock, Louisiana. Causey challenges his life sentence imposed in the United States District Court for the Eastern District of Louisiana.

Because Causey cannot meet the requirements of the savings clause of 28 U.S.C. § 2255(e), his Petition (ECF No. 1) should be DISMISSED for lack of jurisdiction.

I. Background

Causey was convicted of conspiracy against civil rights in violation of 18 U.S.C. § 241 and deprivation of rights under color of law in violation of 18 U.S.C. § 242. *United States v. Causey*, 185 F.3d 407, 410–11 (5th Cir. 1999). He was sentenced to two terms of life imprisonment. *Id.*

According to the United States Court of Appeals for the Fifth Circuit, the conviction arose "from the execution-style murder of Kim Marie Groves." *Id.* at 411. "Davis, a New Orleans police officer, targeted Groves because she filed a complaint against Davis with the Internal Affairs Division ('IAD') of the New Orleans Police Department alleging that he engaged in police brutality." *Id.* "Davis had a relationship with Hardy, a New Orleans drug dealer, in which Davis exchanged police protection for favors. Davis recruited Hardy and Hardy's associate Causey to kill Groves. Davis, Hardy and Causey planned the murder and subsequent coverup. Hardy was the triggerman who killed Groves." *Id.*

Davis, Hardy, and Causey were charged by indictment with conspiracy to injure, oppress, threaten, and intimidate Groves and another individual in the right to be free from the use of unreasonable force by one acting under color of law and in the right to provide information to law enforcement authorities about a federal crime, alleging eight overt acts in furtherance of the conspiracy (Count 1, § 241); with the substantive violation of Groves's civil rights (Count 2, § 242); and with killing Groves with the intent to prevent her from communicating information to a federal law enforcement officer relating to the commission of a federal offense (Count 3, 18 U.S.C. §§ 1512(a)(1)(C)). The Government sought the death penalty as to Davis and Hardy. *See id.* The jury returned a verdict of guilty on all three counts against Davis and Hardy. Causey was found guilty on Counts 1 and 2. The jury could not reach a verdict on Count 3 as to Causey, and the district court declared a mistrial. *Id.*

The Fifth Circuit affirmed Causey's convictions and sentence. *Id; cert. denied*, 530 U.S. 1277 (2000). Causey collaterally attacked his conviction and sentence, alleging in part that the sentence violated various Supreme Court pronouncements. *See United States v. Causey*, 94-CV-0381, 2004 WL 7323574 (E.D. La. July 26, 2004), *aff'd*, 141 F. App'x 396 (5th Cir. 2005). Relief was denied. Causey now seeks relief under *United States v. Davis*, 139 S. Ct. 2319 (2019).

## II. Law and Analysis

A federal prisoner may challenge his sentence under either 28 U.S.C. §§ 2241 or 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

A § 2255 motion is the primary means of collaterally attacking a federal conviction or sentence. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (per curiam) (citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) (*per curiam*)). Claims cognizable under § 2255 include allegations that "judgment was rendered without jurisdiction, . . . that the sentence imposed was not authorized by law . . . or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable." 28 U.S.C. § 2255(b).

A § 2241 petition is used to challenge the manner in which a federal sentence is being executed. *See Reyes–Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001) (citing *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000)). However, a federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or sentence if the prisoner can satisfy the mandates of the "savings clause"

of § 2255(e). *See Wilson v. Roy*, 643 F.3d 433, 434 (5th Cir. 2011) (citing *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000)); *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003) (citing *Reyes–Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001)).

The savings clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). But, relief under § 2255 is not "inadequate or ineffective" merely because the prisoner has filed a prior unsuccessful § 2255 motion or is unable to meet the requirements for filing a second or successive § 2255 motion. *Tolliver*, 211 F.3d at 878. Rather, the petitioner bears the burden of affirmatively proving the inadequacy of § 2255. *See Jeffers*, 253 F.3d at 830.

Before a petitioner may pursue relief through § 2241 under the language of the savings clause of § 2255(e), the petitioner must demonstrate that: (1) the claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that the petitioner was "actually innocent" of the charges because the decision decriminalized the conduct for which the petitioner was convicted; and (3) the claim would have been foreclosed by existing circuit precedent had the petitioner raised it at trial, on direct appeal, or in the original § 2255 petition. *See Christopher*, 342 F.3d at 382 (citing *Reyes-Requena*, 243 F.3d at 904; *Jeffers*, 253 F.3d at 830).

Causey argues that his conviction is unconstitutional because *Davis* held that the residual clause of the crime of violence definition in 18 U.S.C. § 924(c)(3)(B) is

4

unconstitutionally vague. ECF No. 1. However, § 924(c) involves using and carrying a firearm during and in relation to a crime of violence. Causey was not convicted or sentenced under § 924. Causey's sentence was calculated under the United States Sentencing Guidelines ("U.S.S.G."), particularly U.S.S.G. § 2H1.1. *Causey*, 185 F.3d at 420. *Davis* is not applicable since Causey was not sentenced under Section 924(c). Thus, Causey cannot rely on *Davis* to meet the requirements of the savings clause.

## III. Conclusion

Because Causey cannot meet the requirements of the savings clause of § 2255(e), the Petition (ECF No. 1) should be DISMISSED for lack of jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Causey's claim.[1]

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

---

[1] *Pack v. Yusuff*, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without prejudice* regarding all other issues."); *Reed v. Young*, 471 Fed. Appx. 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 1st day of April 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE